

FILED

2009 DEC 17 PH 2: 06

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,
OFFICE OF THE ATTORNEY GENERAL,

        Plaintiff,

vs.                                        CASE NO.: 03-CV-2267-T-26T6W

MEMBERWORKS, INC.,
a foreign corporation,
GEORGE THOMAS, an individual,
and GARY JOHNSON, and individual,

        Defendants.

_____

MEMBERWORKS, INC.,
a foreign corporation,

        Counterclaimant,

vs.

CHARLIE CRIST, in his individual capacity
and as Attorney General of the State of Florida,
DEPARTMENT OF LEGAL AFFAIRS,
OFFICE OF THE ATTORNEY GENERAL,

        Counter Defendants.

_____/

## MEMBERWORKS INCORPORATED'S ANSWER
## TO THE AMENDED COMPLAINT AND COUNTERCLAIMS

    MemberWorks Incorporated ("MemberWorks") answers the Amended Complaint

and asserts its Affirmative Defenses and Counterclaim as follows:

13

1.     Paragraph 1 contains a purported conclusion of law, to which no response is required; to the extent a response is required, it is admitted that the instant action has been commenced and that plaintiff seeks relief under the statutes cited; otherwise MemberWorks is without knowledge sufficient to form a belief about the truth of the allegations.

2.     Paragraph 2 contains a purported conclusion of law, to which no response is required; to the extent a response is required, MemberWorks is without knowledge sufficient to form a belief about the truth of the allegations.

3.     Without knowledge sufficient to form a belief about the truth of the allegations.

4.     Admitted that MemberWorks (i) is a publicly traded Delaware corporation, (ii) is not registered with the Florida Secretary of State as alleged, and (iii) maintains offices at the locations listed.   The remaining allegations are purported conclusions of law to which no response is required; to the extent a response is required, MemberWorks is without knowledge sufficient to form a belief about the truth of the allegations

5.     Admitted that Thomas is (i) a natural person, (ii) non-resident of Florida, and (iii) Senior Vice President and General Counsel of MemberWorks.   All other allegations are denied.

6.     Admitted that Johnson is (i) a natural person, (ii) a non-resident of Florida and (iii) President and Chief Executive Officer of MemberWorks.   All other allegations are denied.

2

7.      Without knowledge sufficient to form a belief about the truth of the allegations.

8.      Denied that "[a]ll actions material to the complaint have occurred between April, 1998 and the present." The remaining allegation is a purported conclusion of law to which no response is required; to the extent a response is required, MemberWorks is without knowledge sufficient to form a belief about the truth of the allegation.

9.      Denied that MemberWorks "represents itself to be one of the largest third-party marketing services." Without knowledge sufficient to form a belief about the truth of the remaining allegations.

10.     Denied that (i) MemberWorks entered into agreements with marketing firms and telemarketing businesses to sell membership program; (ii) all MemberWorks agreements "provide for MemberWorks to design and approve advertising materials, including telemarketing script;" and (iii) MemberWorks directs and/or controls marketing and that MemberWorks controls the recording of   sales.   MemberWorks denies knowledge sufficient to form a belief as to the accuracy of the term "Marketers" as defined by the Department of Legal Affairs. The remaining allegations are admitted.

11.     Denied that fees are only payable by credit card. Denied that all programs identified in the allegation are currently sold or are sold in the United States or Florida. The remaining allegations are admitted.

12.     Admitted that memberships are generally offered with an initial trial period. All other allegations are denied.

13. Admitted that MemberWorks has marketing membership materials. All other allegations are denied.

14. MemberWorks denies knowledge sufficient to form a belief as to the accuracy of the term "'Outbound' telemarketing" as defined by the Department of Legal Affairs. Admitted that (i) MemberWorks obtains lists of consumers' names, addresses and phone numbers, (ii) that MemberWorks's financial institution clients are the source of this information. All other allegations are denied.

15. MemberWorks denies knowledge sufficient to form a belief as to the accuracy of the terms "'Inbound' telemarketing" and Marketers as defined by the Department of Legal Affairs. Denied that (i) MemberWorks uses deceptive sales scripts and (ii) that consumer information is transferred to MemberWorks without knowledge of the consumer. The remaining allegations are admitted.

16. MemberWorks denies knowledge sufficient to form a belief as to the accuracy of the term "Marketers" as defined by the Department of Legal Affairs. Admitted that inbound and outbound scripts follow a different format, but that each such type of script contains all elements of the offer. All other allegations are denied.

17. Without knowledge sufficient to form a belief as to the accuracy of the partial script referenced; the complete version of the referenced script must be reviewed for an accurate statement of its contents. All other allegations are denied.

18. Without knowledge sufficient to form a belief as to the accuracy of the partial script referenced; the complete version of the referenced script must be reviewed for an accurate statement of its contents. All other allegations are denied.

19.     Denied.

20.     Denied.

21.     Without knowledge sufficient to form a belief as to the accuracy of the partial scripts referenced; the complete versions of the referenced scripts must be reviewed for an accurate statement of its contents.  All other allegations are denied..

22.     Denied.

23.     Denied.

24.     Without knowledge sufficient to form a belief as to the accuracy of the partial script referenced; the complete version of the referenced script must be reviewed for an accurate statement of its contents.  All other allegations are denied.

25.     Denied.

26.     Admitted that some consumers have complained of receiving membership kits after 30 days.  All other allegations are denied.

27.     Denied.

28.     Admitted that consumers sent MemberWorks complaints.   All other allegations are denied.

29.     Denied.

30.     Denied.

31.     Admitted that the State requested audio taped verifications of specific consumer transactions.  All other allegations are denied.

32.     Denied that MemberWorks charged consumers' credit cards without evidence of consumer's consent to the charges.  Without knowledge sufficient to form a belief as to the truth of the remaining allegations.

33.     Admitted that the State requested MemberWorks to verify consumer's consent relating to approximately 190 consumers.  Without knowledge sufficient to form a belief as to the truth of the remaining allegations.

34.     Without knowledge sufficient to form a belief as to the truth of the allegations.

35.     Denied.

36.     Denied that MemberWorks knowingly processed payments for memberships without consumers' consent.  Without knowledge sufficient to form a belief as to the truth of the remaining allegations.

37.     Without knowledge sufficient to form a belief as to the truth of the allegations.

38.     Without knowledge sufficient to form a belief as to the truth of the allegations.

39.     Denied that the purported "suspension" of MemberWorks's credit card processing privileges at Discover corroborates that MemberWorks's business practices are improper and unfair, and that the Defendants were put on notice of "a problem with unauthorized charges".  Without knowledge sufficient to form a belief as to the truth of the remaining allegations.

40.     Without knowledge sufficient to form a belief as to the truth of the allegations.

41.     Admitted that Thomas executed the contract between MemberWorks and NTS as an officer and agent of MemberWorks and not in his personal capacity. All other allegations are denied.

42.     Denied that the contract established an extensive marketing relationship between MemberWorks and HSN. The remaining allegations are admitted.

43.     Denied.

44.     Denied.

45.     Without knowledge sufficient to form a belief about the truth of the allegations.

46.     Without knowledge sufficient to form a belief about the truth of the allegation.

47.     Admitted that MemberWorks has received complaints and have had sales charged back. All other allegations are denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Admitted that MemberWorks generally begins the trial period when the consumer's membership information is loaded onto MemberWorks system. Without

knowledge sufficient to form a belief as to the truth of the allegation that "consumers have complained of being charged for kits they never received," but affirmatively states that members are charged fees for their membership, not for membership kits.   All remaining allegations are denied.

54.    Denied.

55.    Denied, except admitted to the extent that when a risk free trial period is offered it is included in the annual term.   Without knowledge to form a belief as to the accuracy of the hypothetical alleged.

56.    Denied that MemberWorks employs misleading and deceptive practices; without knowledge sufficient to form a belief as to the truth of the remaining allegations.

57.    Admitted that MemberWorks provides MSRs with incentives for retaining consumer memberships in certain circumstances.   All other allegations are denied.

58.    Denied that MemberWorks pays incentives to MSRs if consumers do not cancel all programs.   The remaining allegations are admitted.

59.    Admitted that MemberWorks does permit MSR to make retention efforts in certain circumstances.   All other allegations are denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied that MSRs, as hired, trained, and supervised by MemberWorks, have undertaken unfair and deceptive retention practices at the direction of and with the

actual or constructive knowledge of MemberWorks. The remaining allegations are admitted.

64.     Admitted that MemberWorks has entered into agreements with states other than Florida since April 2000. All other allegations are denied.

65.     Admitted that: (i) Johnson is President of MemberWorks, (ii) MemberWorks receives consumer complaints, (iii) other states have investigated MemberWorks, (iv) Johnson authorized settlement agreements with other states. All other allegations are denied.

66.     Admitted that: (i) Thomas is Senior Vice President and General Counsel of MemberWorks, (ii) Thomas attended meetings, accepted receipt of subpoenas on behalf of MemberWorks, and participated in the preparation of, or supervised, MemberWorks's response to subpoenas and signed agreements with other states on behalf of MemberWorks. All other allegations are denied.

67.     Admitted that documents have been produced in response to state subpoenas. All other allegations are denied.

68.     MemberWorks realleges its responses to paragraphs 1-67 as though fully set forth herein.

69.     Paragraph 69 contains a purported conclusion of law, to which no response is required; to the extent a response is required, MemberWorks is without knowledge sufficient to form a belief about the truth of the allegation.

70.     Paragraph 70 contains a purported conclusion of law, to which no response is required; to the extent a response is required, MemberWorks is without knowledge sufficient to form a belief about the truth of the allegation.

71.     Paragraph 71 contains a purported conclusion of law, to which no response is required; to the extent a response is required, MemberWorks is without knowledge sufficient to form a belief about the truth of the allegation.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Johnson and Thomas re-allege their responses to paragraphs 1-77 as though fully set forth herein.

79.     Paragraph 79 is part of Count II of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required at this time.

80.     Paragraph 80 is part of Count II of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required at this time.

81.     Paragraph 81 is part of Count II of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required at this time.

82.     Paragraph 82 is part of Count II of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required at this time.

83.     Paragraph 83 is part of Count II of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required at this time.

84.     Paragraph 84 is part of Count II of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required at this time.

85.     Paragraph 85 is part of Count II of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required at this time.

86.     Paragraph 86 is part of Count II of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required at this time.

87.     MemberWorks re-alleges its responses to paragraphs 1-67 as though fully set forth herein.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     MemberWorks re-alleges its responses to paragraphs 1-67 and 87-93 as though fully set forth herein.

98.     Denied.

99.    Denied.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   MemberWorks re-alleges its responses to paragraphs 1-67, 87-93, and 97-107 as though fully set forth herein.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied .

118.   Denied.

119.    MemberWorks re-alleges its responses to paragraphs 1-67, 87-93, and 97-107 as though fully set forth herein.

120.    Paragraph 120 is part of Count VI of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

121.    Paragraph 121 is part of Count VI of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

122.    Paragraph 122 is part of Count VI of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

123.    Paragraph 123 is part of Count VI of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

124.    Paragraph 124 is part of Count VI of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

125.    Paragraph 125 is part of Count VI of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

126.    Paragraph 126 is part of Count VI of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

127.    Paragraph 127 is part of Count VI of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

128.    Paragraph 128 is part of Count VI of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

129.    Paragraph 129 is part of Count VI of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

130.    Paragraph 130 is part of Count VI of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

131.    Paragraph 131 is part of Count VI of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

132.    MemberWorks re-alleges its responses to paragraphs 1-67, 87-93, and 97-107 as though fully set forth herein.

133.    Paragraph 133 is part of Count VII of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

134.    Paragraph 134 is part of Count VII of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

135.    Paragraph 135 is part of Count VII of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

136.    Paragraph 136 is part of Count VII of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

137.    Paragraph 137 is part of Count VII of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

138.    Paragraph 138 is part of Count VII of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

139.    Paragraph 139 is part of Count VII of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

140.    Paragraph 140 is part of Count VII of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

141.    Paragraph 141 is part of Count VII of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

142.    Paragraph 142 is part of Count VII of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

143.    Paragraph 143 is part of Count VII of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

144.    Paragraph 144 is part of Count VII of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

145.    Paragraph 145 is part of Count VII of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

146.    MemberWorks re-alleges its responses to paragraphs 1-67, 87-93, and 97-107 as though fully set forth herein.

147.    Denied.

148.    Paragraph 148 contains a purported conclusion of law, to which no response is required; to the extent a response is required, MemberWorks is without knowledge sufficient to form a belief about the truth of the allegation.

149.    Denied.

150.    Paragraph 150 contains a purported conclusion of law, to which no response is required; to the extent a response is required, MemberWorks is without knowledge sufficient to form a belief about the truth of the allegation.

151.    Paragraph 151 contains a purported conclusion of law, to which no response is required; to the extent a response is required, MemberWorks is without knowledge sufficient to form a belief about the truth of the allegations.

152.    Denied.

153.    Denied.

154.    Paragraph 154 contains a purported conclusion of law, to which no response is required; to the extent a response is required, MemberWorks is without knowledge sufficient to form a belief about the truth of the allegations.

155.    Denied.

156.    Denied.

157.    Denied.

158.    MemberWorks re-alleges its responses to paragraphs 1-67, 87-93, and 97-107 as though fully set forth herein.

159.    Paragraph 159 is part of Count IX of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

160.    Paragraph 160 is part of Count IX of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

161.    Paragraph 161 is part of Count IX of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

162.    Paragraph 162 is part of Count IX of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

163.    Paragraph 163 is part of Count IX of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

164.    Paragraph 164 is part of Count IX of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

165.    Paragraph 165 is part of Count IX of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

166.    Paragraph 166 is part of Count IX of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

167.    Paragraph 167 is part of Count IX of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

168.    Paragraph 168 is part of Count IX of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

169.    Paragraph 169 is part of Count IX of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

170.    Paragraph 170 is part of Count IX of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

171.    MemberWorks re-alleges its responses to paragraphs 1-67, 87-93, and 97-107 as though fully set forth herein.

172.    Paragraph 172 is part of Count X of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

173.    Paragraph 173 is part of Count X of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

174.     Paragraph 174 is part of Count X of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

175.     Paragraph 175 is part of Count X of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

176.     Paragraph 176 is part of Count X of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

177.     Paragraph 177 is part of Count X of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

178.     Paragraph 178 is part of Count X of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

179.     Paragraph 179 is part of Count X of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

180.     Paragraph 180 is part of Count X of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

181.     Paragraph 181 is part of Count X of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required.

182.     Paragraph 182 is part of Count X of the Amended Complaint which is subject to a pending motion to dismiss, thus no response is required

### AFFIRMATIVE DEFENSES

1.     This Court lacks subject matter jurisdiction over Counts VI and VII because the Plaintiff lacks standing to bring such claims.

2.     Counts IX and X fail to state a claim.

3.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver by virtue of certain agreements entered into by the Attorney General on behalf of the State of Florida.

4.      Plaintiff's claims are barred, in whole or in part, by the doctrine of release by virtue of certain agreements entered into by the Attorney General on behalf of the State of Florida.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel by virtue of certain agreements entered into by the Attorney General on behalf of the State of Florida.

6.      Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

7.      MemberWorks has acted in good faith reliance upon prior regulatory and judicial findings that the same or similar conduct upon which Defendants are sued here is lawful, and such suit violates Defendants' due process and equal protection rights under the Florida and United States Constitutions because Section 501.204, Florida Statutes, is vague on its face and as interpreted and as applied to Defendants in this action.

## COUNTERCLAIM

MemberWorks brings the following counterclaim action for prospective injunctive and declaratory relief and states as follows:

1.      Counterclaimant MemberWorks is a publicly traded direct marketing services company that provides consumers with programs that offer membership services and discounts on a wide array of everyday consumer needs.   MemberWorks is a Delaware Corporation headquartered in Connecticut and has offices throughout the United States. MemberWorks offers, directly or through its clients, its programs in 48 states and is engaged in interstate commerce.  MemberWorks's business practices, as relevant here, are regulated by the federal statute and the rules of the Federal Trade Commission, as well as the law of various states – including Florida.

2.      Counterclaim defendant Charlie Crist ("Crist") is the Attorney General of the State of Florida, and, in his official capacity is: (i) the head of plaintiff-counterclaim defendant, the Department of Legal Affairs (Office of the Attorney General); and (ii) the state officer responsible for enforcement of the Florida Deceptive and Unfair Trade Practices Act [Fla. Stat. Ch. 501, Part II].  Crist, as Attorney General of the State of Florida, is also authorized to bring a civil action on behalf of Florida residents in an appropriate district court of the United States to enjoin certain practices, or to enforce compliance with FTC rules, under the Federal Telemarketing and Consumer Fraud and Abuse Act [15 U.S.C. §§ 6101, *et seq.*].  *See* 15 U.S.C. § 6103.  Crist authorized commencement of this action against MemberWorks and individual defendants Johnson and Thomas. *See* Am. Compl. ¶ 3; *see also id.*, Ex. A.  Crist, as head of the Department

(as defined below) and in authorizing this action, has acted under color of state law in the attempt to enforce Section 501.204, Fla. Stat., in an unconstitutional manner in violation of MemberWorks federally protected rights.

3.     Counterclaim defendant Department of Legal Affairs (the "Department") is an enforcing authority under Ch. 501, Part II, Florida Statutes. The Department, in bringing this civil action against MemberWorks, has acted under color of state law in the attempt to enforce Section 501.204, Fla. Stat., in an unconstitutional manner in violation of MemberWorks's federally protected rights. Crist and the Department are collectively referred to hereinafter as the "Attorney General."

4.     This action arises under federal law, including 42 U.S.C. § 1983. It is brought to redress the deprivation, under color of state law, of MemberWorks's federal rights, privileges, and immunities secured, *inter alia*, by the Constitution and Laws of the United States, including without limitation, Article I, Section 8, Article VI, and the Fourteenth Amendment of the United States Constitution, 15 U.S.C. §§ 41, et seq., 15 U.S.C. 6101, et seq., and 28 U.S.C. §§ 2201 and 2202, as more fully explained below.

5.     A justiciable controversy exists between MemberWorks and Crist because, individually and in his capacity as Attorney General of the State of Florida, Crist is attempting to apply state law in violation of MemberWorks's federally protected rights. A justiciable controversy exists between MemberWorks and the Department because it is attempting to apply state law in violation of MemberWorks's federally protected rights.

6.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3). This Court has supplemental jurisdiction over Plaintiffs' state law

claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the counterclaims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Joinder of Crist in this action is proper under Fed.R. Civ.P. 13(a), (h) and 19(a) because: (i) MemberWorks brings compulsory counterclaims which arise out of the same transaction or occurrence that is the subject matter of Plaintiff's claims and do not require for adjudication the presence of third parties over whom the Court cannot acquire jurisdiction; and (ii) complete relief cannot be accorded among those parties in Crist's absence. Crist is subject to service of process and his joinder will not deprive the Court of subject matter jurisdiction.

8.     Venue is proper under Plaintiff's original claim; venue is also proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the counterclaims occurred in this judicial district.

### THE FEDERAL TRADE COMMISSION ACT

9.     The Federal Trade Commission Act [15 U.S.C. §§ 41, *et seq.*] (the "FTC Act" or "Act") was enacted in 1914 in order to advance the public interest of industry and consumers in commerce. Oversight and rulemaking authority thereunder has been delegated to the Federal Trade Commission ("FTC" or "Commission").

10.    The FTC Act requires the Commission to promulgate rules in accordance with detailed rulemaking mechanism. The FTC Act requires the publication of proposed rules with mandatory periods for public comments and hearings before such rules can take effect. *See* 16 CFR, Part 1. Once rules are promulgated both regulatory and

industry advisories concerning permissible conduct are, from time to time, published by the FTC. Such advisories serve as "administrative interpretations of laws administered by the Commission for the guidance of the public in conducting its affairs in conformity with legal requirements." *See* 16 CFR § 1.5. In addition, the Act enables commercial actors to seek – and rely upon in good faith – advisory opinions from the Commission concerning the propriety and approval of the Commission of their business practices under the Act. *See* 16 CFR § 1.3.[1]

11.     The FTC's rulemaking mechanism is designed to, and does, insure clarity and notice of permissible and proscribed conduct to commercial actors under the Act.

12.     Each state, including Florida, has enacted its own "Little FTC Act" – which is based upon the FTC Act. Florida's "Little FTC Act" is the Florida Deceptive and Unfair Trade Practices Act ["FDUPTA", Ch. 501, Part II, Fla. Stat., (§501.201, *et seq.*)]. Section 501.204 expressly provides that "it is the intent of the legislature that, in construing . . . this section, due consideration and great weight shall be given to the interpretations of the" FTC Act. § 501.204(2), Fla. Stat.

13.     The Florida Legislature has delegated to the Attorney General authority to promulgate rules defining conduct that constitutes deceptive and unfair trade practices under Chapter 501, Part II. But, the Attorney General has failed to promulgate any such rules. Thus, commercial actors, such as MemberWorks, must look to the FTC Act and

---

[1] Indeed, where a commercial actor has relied in good faith upon the Commission's advice or approval of its commercial activities, the Commission will not proceed against such a party where such action was discontinued upon notification of rescission or revocation of the Commission's approval of such action. *See* 16 CFR § 1.3.

the interpretations thereunder for guidance on what conduct is permissible and what conduct is prohibited.

## MEMBERWORKS' PRACTICES

14.     MemberWorks is a publicly traded company that creates and markets discount programs that enable members to access discounts and savings at various national retailers and service providers.   MemberWorks is subject to the FTC Act. MemberWorks markets through, among other things, direct mail, telemarketing, and the internet.   A significant portion of MemberWorks's marketing is conducted via telemarketing through relationships with financial services clients, whose marketing and benefits programs (including scripting) are subject to regulation and auditing by federal banking regulators.   Such financial services clients must, and do, conform with the Gramm-Leach-Bliley Act.  MemberWorks' non-financial services clients generally must and do, conform with the FTC Act.

15.     MemberWorks conducts its business practices in good faith conformity with and reliance upon the FTC Act and all applicable rules and advisories thereunder, as well as all other applicable federal and state law.  In fact, in 2001, MemberWorks led the industry in establishing its national "Best Marketing Practices."   MemberWorks's Best Practices was adopted virtually in its entirety by an Industry Group (the Electronic Retailing Association) in its "Guidelines for Alliance Consent Marketing" and substantively incorporated by the FTC in its amendment of the Telephone Sales Rule [16 CFR §§ 6101, *et seq.*]

16.     In the course of its telemarketing activities as alleged in the Amended
Complaint, MemberWorks acts in accordance with the FTC Act's Telephone Sales Rule.
For example, MemberWorks: (i) provides notice of all material terms and obtains the
express verifiable consent as required by 16 CFR § 310.3 and 16 CFR § 425.1; and
(ii) maintains its records relating to telemarketing activities for a period of 24 months in
accordance with 16 CFR 310.5(a).

### CRIST'S AND THE DEPARTMENT'S ACTIONS UNDER COLOR OF STATE LAW

17.     Despite MemberWorks' actions in accordance with the FTC Act as
described in paragraph 16, above, Crist and the Department brought the instant suit,
alleging that that very same conduct is in violation of § 501.204, Fla. Stat. (Florida's
"Little FTC Act").   The conduct alleged in the Amended Complaint to have been
committed by MemberWorks and the individual defendants, however, does not violate
any rule adopted by the FTC or Florida or any regulatory or judicial interpretation of
either the Federal FTC Act or Florida's Little FTC Act.

18.     Crist and the Department have, upon information and belief, entered into
agreements (including those entered jointly with other Attorneys General) with other
commercial actors the subject matter of which is identical to that for which
MemberWorks is now being sued for in the instant action.   Such agreements allow the
party at issue to continue engaging in the same business practices for which
MemberWorks is now being sued for in the instant action.

19.     Section 501.204, Fla. Stat., under which the defendants have been charged
by the Attorney General, is vague on its face and as interpreted, and its application to the

defendants by the Attorney General violates the rights of the defendants as guaranteed by the Due Process and Equal Protection clauses of the United States Constitution.

20.     MemberWorks has no plain, adequate or complete remedy at law against Crist's and the Department's encroachment on its federal rights, privileges and immunities by the acts described above.  Declaratory and prospective injunctive relief from this Court is the only relief that can adequate protect MemberWorks's federal rights.

21.     This action seeks declaratory and prospective injunctive relief under 28 U.S.C. §§ 2201, 2202 and 42 U.S.C. § 1983.

## COUNTERCLAIM I

### [DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§ 2201, 2202]

22.     MemberWorks realleges and incorporates paragraphs 1-21 of the Counterclaim above as though fully set forth.

23.     MemberWorks seeks a declaration that its practices are lawful in accordance with the FTC Act (15 USC § 41), generally, and the Telephone Sales Rule (15 U.S.C. § 6102), specifically.

## COUNTERCLAIM II

### [DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§ 2201, 2202]

24.     MemberWorks realleges and incorporates paragraphs 1-21 of the Counterclaim above as though fully set forth.

25.     MemberWorks seeks a declaration that Section 501.204, Fla. Stat., is vague on its face and as interpreted, and that its application to MemberWorks here

violates the rights of MemberWorks as guaranteed by the Due Process and Equal Protection clauses of the United States Constitution.

**COUNTERCLAIM III**

**[INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983]**

26.     MemberWorks realleges and incorporates paragraphs 1 - 21 of the Counterclaim above as though fully set forth.

27.     MemberWorks will suffer irreparable harm in that: (i) it will be subject to the unlawful violation of its federally protected rights; (ii) will or may be subjected to conflicting regulatory schemes concerning its activities in interstate commerce; and (iii) will be precluded from engaging in the lawful practice of their business in the State of Florida.

28.     MemberWorks lacks an adequate remedy at law.  There is no legal remedy for damages that will compensate MemberWorks for the harm that will be done to it by Crist if he is not restrained and enjoined.

29.     MemberWorks is entitled to preliminary and permanent injunctive relief to prevent the unconstitutional enforcement of Section 501.204 against it.

**WHEREFORE**, MemberWorks respectfully requests the following relief:

A.     A declaration that MemberWorks business practices, as challenged in this action, are lawful under the FTC Act (15 USC § 41) and the Telephone Sales Rule (15 U.S.C. § 6102).

B.     A declaration that the Supremacy Clause of the United States Constitution, Article VI, precludes application of Fla. Stat. § 501.204, as against MemberWorks in this

action, in a manner that is violative of the United States Constitution and/or other federal law.

B.    A declaration that Section 501.204, Fla. Stat., is unconstitutional as vague on its face and as interpreted and as applied to MemberWorks in the instant action in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

C.    A preliminary and permanent injunction enjoining Crist and his successors, agents, assistants and deputies, and all persons acting in concert with them who have knowledge of the injunction, from in any way enforcing, taking any act to enforce, attempting to enforce or threatening to enforce Fla. Stat. § 501.204 against MemberWorks in a manner that is violative of the United States Constitution and/or other federal law.

D.    An award of MemberWorks costs, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

Dated: December 16, 2003.

_M. Hope Keating_

**BARRY RICHARD**
Florida Bar No. 105599
**GLENN BURHANS, JR.**
Florida Bar No. 605867
**M. HOPE KEATING**
Florida Bar No. 0981915
**GREENBERG TRAURIG, P.A.**
101 East College Avenue
Post Office Drawer 1838
Tallahassee, Florida 32302
(850) 222-6891 (phone)
(850) 681-0207 (fax)

*Counsel for Defendants MemberWorks, Inc.,*
*George Thomas and Gary Johnson*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Answer to Amended Complaint and Counterclaims* was served by U.S. Mail, with a courtesy copy via facsimile, upon Terri E. Oster, Assistant Attorney General, Department of Legal Affairs, Concourse Center 4, 3507 East Frontage Road, Suite 325, Tampa, Florida 33607, (813) 281-5515 (facsimile) this 16th day of December, 2003.

_M. Hope Keating_

**M. HOPE KEATING**

tal-srv01\301494v01

29