


# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,
OFFICE OF THE ATTORNEY GENERAL,

    Plaintiff,

v.                                                 CASE NO: 8:03-cv-2267-T-26TGW

MEMBERWORKS, INC., a foreign corp.,
GEORGE THOMAS, an individual,
and GARY JOHNSON, an individual,

    Defendants.
_____/

## ORDER

The Court has for its consideration the Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction and Supporting Memorandum of Law and the Defendants' Response in Opposition to Plaintiff's Motion to Remand.[1] After carefully considering the parties' submissions, together with the record in this case, the Court concludes that the motion is due to be granted.

The State of Florida, acting through the Office of the Attorney General and the Department of Legal Affairs, instituted an action in state court against the Defendants

---

[1] The Court has previously deferred ruling on the Defendants' motions to dismiss until resolution of the motion to remand. See order at docket 10.

alleging violations of various statutes designed to protect Florida's citizenry from unfair, deceptive, and unlawful business and trade practices.[2] In addition to seeking declaratory and injunctive relief, the State also requests an order requiring the Defendants to pay civil penalties, to disgorge profits, and to make restitution and refunds to Florida consumers harmed by the Defendants' alleged illegal activity.

The Defendants responded by removing the case to this Court based on diversity jurisdiction.[3] They claim that the "Plaintiff is the State of Florida[,]" that the corporate Defendant "is a foreign corporation that does not have its principal place of business in Florida[,]" and that the two natural Defendants are "non-residents of Florida." They conclude, therefore, without further elaboration, that "complete diversity exists between the parties[,]" citing 28 U.S.C. § 1332.

The Plaintiff reacted to the Defendants' removal by filing a Motion to Remand.[4] It contends that complete diversity of citizenship is wholly absent because under the law the State of Florida is not considered a "citizen" of Florida for purposes of diversity

---

[2] The Plaintiff claims the Defendants violated the Florida Unfair Deceptive Trade Practices Act, Chapter 501, Part II, Florida Statutes (2002), the Florida Anti-Fencing Act, Chapter 812, Florida Statutes (2002), the Florida Communications Fraud Act, sections 817.034 and 817.41, Florida Statutes (2002), and the Florida Free Gift Advertising Law, section 817.415, Florida Statutes (2002). See Plaintiff's Amended Complaint at docket 2.

[3] See Defendants' Notice of Removal at docket 1.

[4] See Plaintiff's Motion to Remand at docket 7.

jurisdiction.[5] Thus, the Plaintiff argues, this Court lacks subject matter jurisdiction, and the case must be remanded to state court.

The corporate Defendant then added a new jurisdictional twist to the case by filing a counterclaim questioning the constitutionality of one of the statutes allegedly violated by the Defendants - Chapter 501, Part II, Florida Statutes. In the counterclaim, this Defendant seeks declaratory relief under the auspices of 28 U.S.C. §§ 2201-2202 to the effect that its business practices are lawful. It also seeks injunctive relief under 42 U.S.C. § 1983 to prevent the Plaintiff from any further enforcement action under the statute at issue.[6] In light of the corporate Defendant's counterclaim, all Defendants now claim in their response to the motion to remand that this Court possesses federal question jurisdiction such that removal is appropriate under 28 U.S.C. § 1441(b).[7]

The Court rejects as meritless the Defendants' newfound argument, bootstrapped by the corporate Defendant's counterclaim, that federal question jurisdiction saves their removal of this case from state court. What the Defendants conveniently ignore is the

---

[5] The Plaintiff also questions whether the amount in controversy exceeds the threshold requirement of $75,000 necessary for the invocation of diversity jurisdiction. Because the Court concludes, as will be explained in the body of this order, that the State of Florida is the real party in interest and thus cannot be deemed a "citizen" of Florida for purposes of establishing diversity jurisdiction, the Court need not resolve the monetary question.

[6] See Answer and Counterclaim at docket 13.

[7] See Defendants' Response in Opposition to Plaintiffs' Motion to Remand at docket 14.

unquestioned legal doctrine known as the "well-pleaded complaint rule." Under this rule, the issue of whether federal question jurisdiction exists sufficiently to justify removal under § 1441(b) is generally dependent on the face of a plaintiff's properly pleaded complaint and cannot be influenced by the existence of an anticipated federal defense to a state law claim. See, e.g., Stern v. Int'l. Business Machines Corp., 326 F. 3d 1367, 1370 (11th Cir. 2003).[8]

Nor, more important for purposes of this case, can a defendant's counterclaim be considered in determining the existence of federal question jurisdiction. In Marshall v. Gibson's Products, Inc. of Plano, 584 F. 2d 668 (5th Cir. 1978), the former Fifth Circuit Court of Appeals, the decisions of which issued prior to October 1, 1981, are binding on this Court,[9] was confronted with a factual scenario in which the Secretary of Labor filed an action in federal district court seeking an order requiring the defendant to submit to inspection under section 8(a) of the Occupational Safety and Health Act of 1970. The defendant counterclaimed requesting declaratory and injunctive relief on the basis of the unconstitutionality of section 8(a). Although the Fifth Circuit ultimately determined that Congress did not confer jurisdictional authority on the Secretary to bring such an action and thus dismissed the action for lack of subject matter jurisdiction, it also noted, within the context of the "well-pleaded complaint rule," that "the defendant's counterclaim,

---

[8] One extremely narrow exception to this rule, which is not urged by the Defendants, is the doctrine of complete preemption. See Stern, 326 F. 3d at 1370-71.

[9] See Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc).

although raising a substantial federal question, cannot confer subject matter jurisdiction otherwise lacking. Jurisdiction must be apparent on the face of the Secretary's petition." Id. at 672 (footnote omitted); accord Marshall v. Shellcase Corp., 592 F. 2d 1369, 1370 n.1 (5th Cir. 1979); see also Takeda v. Northwestern Nat'l Life Ins. Co., 765 F. 2d 815, 822 (9th Cir. 1985) (reaffirming previous holdings under "well-pleaded complaint rule" that removability cannot be created by defendant pleading a counterclaim presenting a federal question).

Finally, no less an authority than our United States Supreme Court has recently considered the issue of whether a counterclaim can form the basis of federal question jurisdiction under the "well-pleaded complaint rule" within the context of federal patent law. Drawing upon its prior decisions within the realm of 28 U.S.C. § 1331, which imbues district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, of treaties of the United States[,]" the Court unambiguously held that "[i]t follows that a counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction." Holmes Group v. Vornado Air Circulation, Sys., Inc., 122 S. Ct. 1889, 1894 (2002) (citing in part Takeda). The Supreme Court thus declined "to transform the

longstanding well-pleaded complaint rule into the 'well-pleaded complaint-*or-counterclaim* rule' urged by the respondent." Id. (emphasis in original).[10]

The Defendants fare no better with regard to their contention that under the circumstances presented the Plaintiff should be considered a "citizen" for purposes of conferring diversity jurisdiction under 28 U.S.C. § 1332(a). As the United States Supreme Court has observed, "[t]here is no question that a State is not a 'citizen' for purposes of diversity jurisdiction." Moor v. County of Alameda, 93 S. Ct. 1785, 1800 (1973). It follows, therefore, that diversity jurisdiction may not be asserted over an action in which a State is the real party in interest. See State Highway Comm'n v. Utah Constr. Co., 49 S. Ct. 104, 105-06 (1920). Hence, the issue for resolution in this case is whether the State of Florida is the real party in interest.

As noted earlier, the Plaintiff claims that the Defendants violated certain provisions of Florida statutory law designed to protect the economic welfare of Florida's citizens. In order to redress those violations, the Attorney General of the State of Florida, as head of the Department of Legal Affairs, see section 20.11, Florida Statutes (2002),

---

[10] In spite of the foregoing well-entrenched legal precedent, the Defendants make the blanket assertion in their response to the remand motion that "[w]here a counterclaim poses a legitimate and substantial federal question, removal of the entire action to federal court is proper." The Court finds this troubling, especially in light of the fact that none of the cases cited by the Defendants in support of this proposition involved the well-pleaded complaint rule, and the two main cases cited - Sofarelli v. Pinellas County, 931 F. 2d 718 (11th Cir), and Federal Deposit Insurance Corp. v. S & 85-1, Ltd., 22 F. 3d 1070 (11th Cir. 1994) - had as their focus entirely different removal statutes.

brought this action against the Defendants pursuant to express grants of statutory authority, see sections 501.203, 812.035(5), and 817.415, Florida Statutes (2002), and otherwise in accord with his common law duty to protect the public interest. See State of Florida ex rel. Shevin v. Exxon Corp, 526 F. 2d 266, 274 (5th Cir. 1976) (concluding, after an extensive analysis of Florida constitutional, statutory, and decisional law, that the Attorney General of Florida retains the common law power to institute lawsuits to protect the public interest and this power extends to the initiation of lawsuits under federal law even though not specifically authorized by the governmental entity allegedly sustaining the injuries asserted). Consequently, because the Attorney General in his capacity as the head of the Department of Legal Affairs is endowed with the statutory and common law authority to bring this action on behalf of the State of Florida to vindicate public rights and to protect the public interest, he and the Department are nothing more than nominal parties with the State of Florida constituting the true party in interest. See Robertson v. Jordan River Lumber Co., 269 F. 606, 607 (5th Cir. 1921) (observing that "[a] suit by an agent of the state as a nominal party in behalf of the state presents a controversy to which the state is a party, and cannot be removed to the United States court as a controversy between citizens."); accord Craig v. Southern Natural Gas Co., 125 F. 2d 66 (5th Cir. 1942) (noting that except where a state agency under settled state law "is endowed with such a separate and distinct existence as that its activities are not those of the state, suits

by and against a state agency in the interest of the state are suits by and against the state.").

Finally, as the Plaintiff so aptly points out, other federal courts have determined that attorneys general of other states enforcing similar consumer protection laws as are at issue in this case were acting as an arm of the state thus depriving those courts of diversity jurisdiction. See Kansas ex rel. Stovall, 35 F. Supp. 2d 783 (D. Kan. 1998); Missouri v. ex rel. Webster v. Best Buy, Inc., 715 F. Supp. 1455 (E.D. Mo. 1989); State of New York ex rel. Abrams v. General Motors Corp., 547 F. Supp. 703 (S.D. N.Y. 1982); cf. Gunter v. AGO Int'l B.V., 533 F. Supp. 86, 88 (N.D. Fla. 1981) (holding that Florida Insurance Commissioner is alter ego of the State and thus not a citizen for purposes of federal diversity jurisdiction). And, as the Plaintiff correctly contends, the fact that the Plaintiff in this case is seeking restitution on behalf of its aggrieved citizens, does not alter the conclusion that diversity jurisdiction simply does not exist. See General Motors Corp., 547 F. Supp. at 706-07.

In view of the foregoing analysis, this Court concludes that it does not possess subject matter jurisdiction in the form of federal question or federal diversity jurisdiction. Thus, the Court must grant the Plaintiff's motion and remand this case to the state court from where the Defendants removed it. Accordingly, it is ordered and adjudged as follows:

1) The Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Dkt. 7) is granted.

2) The Plaintiff's Request for Attorney Fees and Costs (Dkt. 7) is denied.

3) The Clerk is directed to remand this case to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

4) The Clerk is directed to terminate all pending motions and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on December 23, 2003.

RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of Record

-9-

F I L E   C O P Y

Date Printed: 12/23/2003

Notice sent to:

  ___  Terri E. Oster, Esq.
Office of the Attorney General
Department of Legal Affairs
Concourse Center 4
3507 E. Frontage Rd., Suite 325
Tampa, FL  33607

8:03-cv-02267    jlh

  ___  Victoria Ann Butler, Esq.
Office of the Attorney General
Department of Legal Affairs
Concourse Center 4
3507 E. Frontage Rd., Suite 325
Tampa, FL  33607

8:03-cv-02267    jlh

  ___  Barry Scott Richard, Esq.
Greenberg Traurig P.A.
101 E. College Ave.
P.O. Box 1838
Tallahassee, FL  32302

8:03-cv-02267    jlh

  ___  Glenn Thomas Burhans Jr., Esq.
Greenberg Traurig P.A.
101 E. College Ave.
P.O. Box 1838
Tallahassee, FL  32302

8:03-cv-02267    jlh

  ___  Mary Hope Keating, Esq.
Greenberg Traurig P.A.
101 E. College Ave.
P.O. Box 1838
Tallahassee, FL  32302

8:03-cv-02267    jlh

13th Judicial Circuit
PO Box 1110
Tampa, FL 33601